IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 4:11cr31-RH

JIMMY D. HOWARD,

   Defendant.

_____/

**ORDER TERMINATING SUPERVISED RELEASE**

The defendant Jimmy D. Howard has moved for early termination of supervised release. The government has responded in opposition.

A court may order early termination after a defendant has served at least one year on supervised release, but only if early termination is warranted by the defendant's conduct and the interest of justice. *See* 18 U.S.C. § 3583(e)(1). Mr. Howard has served nearly four years on supervised release and thus, as the government acknowledges, is eligible for early termination. The Judicial Conference of the United States has approved Monograph 109 suggesting early-termination considerations.

The record establishes that Mr. Howard has maintained a stable residence, employment, and family life. He has had only minor violations—once leaving the district without permission, and briefly discontinuing his monthly restitution payments, until reprimanded by the probation officer. No violation proceedings have been initiated.

The government opposes early termination, noting the scope of the fraud that resulted in this conviction and emphasizing errors in Mr. Howard's motion for early termination. The motion asserts complete compliance with the conditions of supervision and does not acknowledge the violations noted above. It is true, though, that he has not been charged with any violation.

Mr. Howard served a substantial term in the Bureau of Prisons and apparently is back on track. At some point Mr. Howard will have to go forward without supervision. There is little reason to believe his chance of success will be significantly different in 13 months—at the scheduled termination date—than the chance of success is today. The probation department's finite resources can best be used supervising others.

I have considered the factors in 18 U.S.C. § 3553(a) and the criteria in Monograph 109. I find that terminating supervised release at this time is warranted by Mr. Howard's conduct and the interest of justice. *See* 18 U.S.C. § 3583(e)(1). Accordingly,

IT IS ORDERED:

Mr. Howard's term of supervised release is terminated as of August 8, 2019, at 11:11 a.m.

SO ORDERED on August 8, 2019.

<u>s/Robert L. Hinkle</u>  
United States District Judge